**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:09CR89
  Criminal Case No: 1:09CR58

FELISHA POWERS,
  Defendant.

## ORDER/OPINION CONCERNING
## PLEA OF GUILTY AND SENTENCE

This matter has been referred to the undersigned Magistrate Judge by the District Court pursuant to Title 28, United States Code § 636 and Title 18, United States Code § 3401, for purposes of conducting proceedings pursuant to Federal Rules of Criminal Procedure 11 and 32. Defendant, Felisha Powers, appeared before me in person and by counsel, Belinda Haynie, on July 30, 2009. The Government appeared by Andrew Cogar, its Assistant United States Attorney.

The Court proceeded by having Defendant sworn. Thereupon, the Court addressed the parties, advising that the Court understood the proceedings were to address Defendant's proposed plea of "Guilty" to a one-count Information charging her with the misdemeanor of obstructing of mails, and also for sentencing. The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with obstruction of mails, in violation of Title 18, United States Code, Section 1701.

The Court then advised Defendant of her right to have an Article III Judge hear and accept her guilty plea and sentence her and her willingness to waive that right, and instead consent to a Magistrate Judge hear and accept her plea and sentence her. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and sentence her and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea and

sentencing her, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before and be sentenced by the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before and be sentenced by a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Felisha Powers, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The Court then took up Defendant's pro se motion for change of counsel filed in Criminal Action No. 1:09CR58 on May 22, 2009 and bearing DE16 . Defendant voluntarily withdrew her motion. Accordingly, Defendant's Motion for change of counsel, DE 16 is WITHDRAWN from the record of active motions pending before the Court in Case No. 1:09CR58.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment. After which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and

ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The Court then determined that Defendant's plea was pursuant to a written plea agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Upon inquiry, Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. Defendant also understood that certain of the terms in the agreement were binding on the parties, but not on the Court, including the recommendation by the United States of a sentence of two (2) years of probation, a fine of $250 and $40 restitution to the United States Postal Department. Defendant also understood that the Court was not bound to accept the agreement, and that, if the Court did not accept the agreement, Defendant would have the right to withdraw her guilty plea; however, if the Court did accept the agreement, Defendant would not have the right to withdraw her guilty plea. The Court then addressed with Defendant her waiver of her appellate rights as follows:

Ct: Did you and Ms. Haney discuss that you have a right to appeal any sentence that I impose against you within ten (10) days of the imposition of that sentence to the Court of Appeals?

Def: Yes Sir.

Ct: And did you also discuss that you might have the right to file a writ of habeas corpus under 28 U.S.C. §2255 to challenge the sentence and how I calculated it at some point following the imposition of the sentence?

Def: Yes Sir.

Ct: Did you understand that under paragraph 11 of your agreement that you give up both the right of direct appeal and the right to collaterally attack or challenge using a writ of habeas corpus the sentence that I impose, provided of course that it does not exceed the statutory maximum?

Def: Yes Sir.

Ct: Is that what you intended to do?

Def: Yes Sir.

Based upon all which the undersigned finds Defendant understood her appellate rights and collateral attack rights and voluntarily gave them up pursuant to the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated July 13, 2009, and signed by her on July 15, 2009, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The Court then reviewed with Defendant and determined that Defendant understood the nature of the charges pending against her and understood that the

maximum penalty to which she would be exposed if convicted of the offense charged in the one-count Information was imprisonment for a term of not more than six (6) months; a fine of not more than five thousand dollars ($5,000.00); a period of supervised release of one (1) year; and a special mandatory assessment fee of ten dollars ($10.00), which mst be paid before the date of sentencing. The Court then inquired and determined that Defendant understood she had the right to have a presentence investigation conducted, but had waived that right and requested the Court impose sentence immediately upon accepting her plea of guilty.

Defendant also understood that the Government's recommendation that the Court impose a sentence of two years of probation, a fine of $250, and $40 restitution to the United States Postal Department was not binding on the Court.

The Court then heard the the proffer of evidence from Assistant United States Attorney Andrew Cogar wherein he stated: "Your Honor, after receiving information of stolen mail at the Reynoldsville, West Virginia Post Office, an investigation commenced in which security cameras were installed in the lobby both facing the post office boxes and behind the post office box where the mail is actually inserted for the postal service customers. From those videos it was learned that on October 18, the Defendant and her mother, Sandra Jenkins, were in the lobby after regular business hours based on Ms Powers using her access key and video showed that Ms. Jenkins was accessing three mail boxes including Ms. Jenkins own mailbox and Ms. Powers' mailbox. Ms Powers was also in the lobby at the time facing Ms. Jenkins and seeing her conduct and Ms Jenkins reached her arm through Ms. Powers' mailbox and the others as well, through the mailbox up to her shoulder and took mail from behind other adjacent mail boxes that did not belong to either Ms. Powers or Ms. Jenkins and proceded to take mail out and proceeded to take mail out of Ms Powers'

mail box and the other mailboxes and place it on the table in the post office lobby again all within view of Ms Powers and then the two left together. After that incident there was a search warrant that was executed at the house where at the time both the Defendant Ms Powers and Ms Jenkins lived and additional stolen mail was found in common areas of the house and that is the outline of the most pertinent offense conduct.

Ct:     Mr. Cogar, I gather that Ms. Powers had a key issued to her by the Postal Department for her box that she would have had to let her mother use to gain access to that box or that she would have had to open the box so her mother could get her arm into the box and into other boxes.

AUSA:    That's correct, your Honor.

Ct:     So they're set up like the postal boxes downstairs in this building, is that right?

AUSA:    That's my understanding, your Honor.

The defendant stated she had heard, understood, and did not dispute any of the facts in AUSA Cogar's proffer.

Thereupon, Defendant, Felisha Powers, with the consent of her counsel, Belinda Haynie, proceeded to enter a verbal plea of **GUILTY** to the misdemeanor charge or obstruction of mails as contained in the one-count Information.    Defendant was given the opportunity to allocate and in response testified she believed she was guilty of the offense charged in the one-count information because   " I knew that my mother was taking the mail and did not willingly turn her in."  In response to the Court's question whether she, the Defendant, provided her mother with access to her (Defendant's) mailbox so her mother could take the mail, Defendant stated that she did and further admitted that she was in the post office talking on a cell phone at the time her mother was taking the mail of others.

6

From the proffer of AUSA Cogar, the undersigned Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of the offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and sentence her and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea and sentencing her; Defendant understood the charge against her; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is independently supported by the proffer of AUSA Cogar, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the charge contained in the one-count Information and **ADJUDICATES** Defendant **GUILTY** of obstruction of mails, in violation of Title 18, United States code, section 1701, as charged in the one-count Information.

The Court further finds that Defendant has voluntarily given up her right to a presentence investigation. The Court considered a report by Defendant's Adult Pretrial Services Officer, which was not objected to or added to by either counsel. The Court considered the report along with the attachments to the report and finds them sufficient for the Court to impose sentence in accordance with law. The Court has considered the plea agreement and finds that under the circumstances of the case presented, that the agreement, providing for a sentence of two years probation, a fine of

$250, and $40 restitution to the United States Postal Department, is fair and reasonable, and, after giving the parties the opportunity to object to the proposed sentence and no objection being made and after giving the Defendant the opportunity to again allocate and receiving her statement on the record, accordingly **SENTENCES** Defendant to a term of probation of two (2) years; a fine of $250, and $40 restitution to United States Postal Department. The Court also imposes on Defendant the $10.00 mandatory special assessment pursuant to 18 USC §3013.

Upon inquiry of the Court, the AUSA stated on the record that he would file a written Rule 48 motion to dismiss the Counts in the Indictment charged against this Defendant in Criminal No. 1:09CR58, as agreed in the written plea agreement. The Court advised Defendant and determined she understood this procedure.

Defendant shall have ten (10) days from the Court's pronouncement of sentence within which to file any appeal.

Defendant is accordingly released to begin serving the sentence of probation as imposed.

The Clerk of the Court is directed to docket this Order in both 1:09CR58 disposing of the motion for change of counsel and in 1:09CR89 and to send a copy of this Order to counsel of record.

DATED: July 31, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE